FILED
CLERK, U.S. DISTRICT COURT
Jan 9, 2026
CENTRAL DISTRICT OF CALIFORNIA
BY: pd DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **Jacob Schaal,** | **Case No.: 8:25-cv-00199-DOC-DFMx** |
| **Plaintiff,** | |
| **v.** | **Jury Instructions** |
| **Altura Credit Union,** | Trial: January 5, 2026-January 9, 2026 |
| **Defendant.** | |

INSTRUCTION NO. 1

**Duty of Jury**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

INSTRUCTION NO. 2

**Statement of Case**

Plaintiff JACOB SCHAAL; and, Defendant ALTURA CREDIT UNION hereby submit the following Joint Statement of the Case:

Plaintiff Jacob Schaal brings this lawsuit against Defendant Altura Credit Union arising out of a series of deposits and withdrawals to and from Schaal's checking account with Altura that Schaal disputes making, and the manner in which his disputes were investigated and reported.

The case involves claims under four laws:

the Electronic Funds Transfer Act;

the Fair Credit Reporting Act;

the California Consumer Credit Reporting Agencies Act; and

the California Fair Debt Collection Practices Act.

Schaal contends that after discovering fraudulent withdrawals on his account, he promptly notified Altura and sought assistance. He claims that Altura failed to conduct reasonable investigations into his dispute and inaccurately reported the disputed transactions to the credit reporting agencies, causing him harm.

Altura denies each and every one of Mr. Schaal's claims, or that he was harmed. Altura asserts that it complied with all applicable legal obligations in its investigation of the disputed transactions and in its communications with the credit reporting agencies. Altura further asserts as an affirmative defense to Schaal's California Consumer Credit Reporting Agencies Act claim that it had "reasonable procedures" at all relevant times, which, if true, would foreclose recovery under the California Consumer Credit Reporting Agencies Act.

INSTRUCTION NO. 3

**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 4

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

INSTRUCTION NO. 5

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 6

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

INSTRUCTION NO. 7

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

INSTRUCTION NO. 8

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it

differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

INSTRUCTION NO. 14

**Corporations and Partnerships — Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

INSTRUCTION NO. 15

**Liability of Corporations — Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

# INSTRUCTION NO. 16

## Damages — Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The nature and extent of the injuries;
- The loss of enjoyment of life experienced; and
- The mental and emotional, pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 17

**Damages — Mitigation**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

First, that the plaintiff failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

INSTRUCTION NO. 18

## Punitive Damages

If you find that Altura willfully violated the Fair Credit Reporting Act, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that

harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

INSTRUCTION NO. 19

**FAIR CREDIT REPORTING ACT ("FCRA") — Purpose of the Law**

Schaal brings this action under the Fair Credit Reporting Act ("FCRA"). The purpose of the FCRA, in the words of the statute, is as follows:

"It is the purpose of the Act to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."

INSTRUCTION NO. 20

**Claim 1 — FCRA**

Schaal contends that Altura violated the Fair Credit Reporting Act. To establish a violation of this law, Schaal bears the burden of proving, by a "preponderance of the evidence," each of the following:

(1) Altura provided inaccurate information about Schaal to a consumer reporting agency;

(2) The consumer reporting agency notified Altura that Schaal disputed the accuracy of Altura's reporting; and

(3) Altura did not reasonably investigate the inaccuracy after receiving notice of Schaal's dispute from the consumer reporting agency.

INSTRUCTION NO. 21

**FCRA — "Reasonable Investigation" Defined**

A furnisher's investigation cannot be superficial and "requires an inquiry likely to turn up information about the underlying facts and positions of the parties, not a cursory or sloppy review of the dispute.'"

A furnisher does not conduct a reasonable investigation 'by merely rubber stamping,' particularly 'where the circumstances demand[] a more thorough inquiry.'" Instead, the FCRA requires some degree of careful inquiry by furnishers of information.

Under the FCRA, a "reasonable" investigation "is one that a reasonably prudent person would undertake under the circumstances." How thorough an investigation must be to be "reasonable" depends on the information that was provided to the furnisher by the consumer reporting agency giving notice of a dispute.

INSTRUCTION NO. 22

**FCRA and CCCRAA — "Inaccurate" Information Defined**

In order for an item on a credit report to be "inaccurate" under the FCRA or the CCCRAA, it must be patently incorrect or misleading in such a way that it can be expected to adversely affect credit decisions.

INSTRUCTION NO. 23

**FCRA – Civil Liability for "Willful" Noncompliance**

If you find that Altura "willfully" failed to comply with any requirement of the FCRA with respect to Schaal, then Schaal is entitled to statutory damages equal to either: (1) his actual damages; or (2) an amount not less than $100 and not more than $1,000.

The term "willfully" includes knowingly violating the FCRA or doing so with reckless disregard of FCRA's requirements. Punitive damages may also be awarded if you find the violation was willful.

INSTRUCTION NO. 24

**California Consumer Credit Reporting Agencies Act ("CCCRAA")**
**– Purpose of the Law**

Schaal also contends that Altura violated the California Consumer Credit Reporting Agencies Act ("CCCRAA"). The purpose of the CCCRAA, in the words of the statute, is as follows:

"It is the purpose of this title to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."

# INSTRUCTION NO. 25

## Claim 2 — CCCRAA

Schaal contends that Altura violated the California Consumer Credit Reporting Agencies Act. To establish a violation of this law, Schaal bears the burden of proving, by a "preponderance of the evidence," each of the following:

(1) Altura reported information about Schaal to a consumer credit reporting agency;

(2) The information Altura reported to the consumer credit reporting agency was inaccurate;

(3) Altura knew or should have known that the information was inaccurate; and

(4) Schaal suffered actual damages.

INSTRUCTION NO. 26

**CCCRAA — Punitive Damages**

Punitive damages pursuant to the CCCRAA may be awarded for each violation of the CCCRAA that Plaintiff proves was willful.

The amount of these damages pursuant to the CCCRAA may be between $100 and $5,000 per willful violation of the CCCRAA.

INSTRUCTION NO. 27

**Electronic Funds Transfer Act ("EFTA") — Purpose of the Law**

Plaintiff contends that Altura violated the Electronic ("EFTA"). The purpose of the EFTA, in the words of the statute, is as follows:

"It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights."

INSTRUCTION NO. 28

**Claim 3 — EFTA**

Schaal contends that Altura violated the Electronic Funds Transfer Act. To establish a violation of this law, Schaal bears the burden of proving, by a "preponderance of the evidence," each of the following:

(1) Mr. Schaal maintained an account with Altura;

(2) There was an unauthorized electronic funds transfer on the account;

(3) Mr. Schaal notified Altura of the unauthorized funds transfer within 60 days after Altura sent a statement identifying the unauthorized electronic funds transfer;

(4) Altura failed to conduct a reasonable investigation of the unauthorized electronic funds transfer; and

(5) Mr. Schaal was harmed as a result.

INSTRUCTION NO. 29

**EFTA — "Unauthorized Electronic Funds Transfer" Defined**

To qualify as an "unauthorized," an electronic funds transfer must have been initiated by someone other than Schaal, without Schaal's authorization, and from which Schaal received no benefit.

It does not include:

1. A transfer initiated by a person other than Schaal who was furnished with the card, code, or other means of access to Schaal's account by Schaal, unless Schaal notified Altura involved that transfers by such other person are no longer authorized;

2. It was initiated with fraudulent intent by Schaal or any person acting in concert with Schaal; or

3. It constitutes an error committed by a financial institution.

INSTRUCTION NO. 30

**California Fair Debt Collection Practices Act ("California Act") — Purpose of the Law**

Schaal contends that Altura violated the California Fair Debt Collection Practices Act (the "California Act"). The purpose of the California Act, in the words of the statute, is as follows:

"It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and small business debts and to require debtors to act fairly in entering into and honoring those debts, as specified in this title."

INSTRUCTION NO. 31

**Claim 4 — California Act**

Schaal contends that Altura violated the California Fair Debt Collection Practices Act. To establish a violation of this law, Schaal bears the burden of proving, by a "preponderance of the evidence," each of the following:

(1) Altura is a debt collector;

(2) Altura was attempting to collect a consumer debt;

(3) Schaal is a debtor; and,

(4) Altura violated the Fair Debt Collection Practices Act and thus the California Act.

INSTRUCTION NO. 32

**Violation of California Act/FDCPA**

Under the Fair Debt Collection Practices Act, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt.

INSTRUCTION NO. 33

**Violation of California Act/FDCPA**

Under the Fair Debt Collection Practices Act, a debt collector may not falsely represent the character, amount, or legal status of any debt.

INSTRUCTION NO. 34

**Violation of California Act/FDCPA**

Under the Fair Debt Collection Practices Act, a debt collector may not use any false representations or deceptive means to collect or attempt to collect a debt.

INSTRUCTION NO. 35

**Violation of California Act/FDCPA**

Under the Fair Debt Collection Practices Act, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

INSTRUCTION NO. 36

**Violation of California Act/FDCPA**

Under the Fair Debt Collection Practices Act, a debt collector may not collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

INSTRUCTION NO. 37

**CCCRAA Procedures**

Altura contends that even if Schaal demonstrates that Altura violated the CCCRAA, Schaal is barred from recovery on his CCCRAA claim, because Altura had established reasonable procedures to comply with the CCCRAA.

Altura bears the burden of establishing this affirmative defense by a "preponderance of the evidence."

INSTRUCTION NO. 38

**Mitigation**

Altura contends that Schaal's damages could have been avoided or reduced had Schaal taken actions to mitigate his losses. To establish this defense, Altura must prove that:

1. Schaal could have taken reasonable steps to reduce or avoid damages; and
2. Schaal failed to take such steps.

If you find that Schaal failed to avoid any damages, you must reduce the damages that Schaal would be entitled to by the amount of damages Schaal could have mitigated.

Altura bears the burden of establishing this affirmative defense by a "preponderance of the evidence."

INSTRUCTION NO. 39

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 40

**Consideration of Evidence — Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as

jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 41

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

INSTRUCTION NO. 42

**Return of Verdict**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.